IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20367
Summary Calendar
_____

CHARLIE B. NAYS,

       Plaintiff-Appellant,

                  versus

RODNEY E. SLATER, SECRETARY DEPARTMENT OF TRANSPORTATION,

       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-1648
_____

October 8, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Appellant Charlie Nays appeals from the district court's decision granting the motion to dismiss filed by Appellee Rodney Slater, Secretary of Transportation. The district court based its decision on Nays's failure to properly serve the Appellee. Nays filed this employment discrimination suit on May 16, 2001, but failed to properly serve the Secretary within the requisite 120-day time period. On September 20, 2001, the district court entered a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

show cause order requiring the plaintiff to file a response indicating why the case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On October 1, 2001, the plaintiff filed a request for additional time to serve the defendant, citing as the reason for the delay that "[t]he employee in the Plaintiff Attorney's office responsible for completing service ... was terminated in April, 2001 [and the] complaint was not served as the result of an office error." The district court granted the plaintiff's request, allowing the plaintiff until October 5, 2001 to complete service. Appellant attempted to effectuate service upon Appellee by mailing the summons and a copy of the complaint to the Department of Transportation on October 3, 2001. The Department received the summons and complaint on October 11, 2001.

On November 8, 2001, the U.S. Attorney's Office sent a letter to Appellant's counsel advising her that transmittal of the summons and complaint to the Department of Transportation did not constitute complete service of process under Rule 4(i)(1), which requires that a plaintiff also serve the U.S. Attorney for the district in which the action was filed. Shortly after, on November 13, 2001, the district court entered a second show cause order, which directed the plaintiff to file a response to the order no later than November 23, 2001. Nays filed the response on November 21, 2001, and indicated that "[o]n November 20, 2001, counsel for the plaintiff telephoned the Assistant United States Attorney

assigned to this lawsuit and forwarded another copy of the Plaintiff's lawsuit and summons." Appellee admits that, on November 26, 2001, service was perfected upon the Department of Transportation by service upon the U.S. Attorney.

On January 25, 2001, the defendant filed a motion to dismiss because Nays had failed to perfect service within the 120 day time limit, and because Nays had failed to pay the filing fee in the case.[1] Nays responded to the motion and paid the filing fee on February 19, 2001. On February 28, 2002, the district court granted the defendant's motion, on the basis that no proof of service existed apart from Nays's statement in his response to the motion that the defendant had been properly served. In its order, the court explained,

> because Plaintiff failed to cause service properly to be made upon Defendant within 120 days after the filing of this case, within the enlarged period of time allowed for such, and even to the present date, and because the Plaintiff has failed to show good cause to excuse such failures to effect service upon Defendant, the Court finds that Defendant's Motion ... should be granted, and that Plaintiff has failed to prosecute this case with minimal diligence in accordance with the Federal Rules of Civil Procedure.

On appeal, Nays urges that the district court abused its discretion in granting the motion to dismiss because, contrary to the district court's understanding of the case, Nays fully effectuated service upon the defendant on November 26, 2001.

---

[1] At the time of the suit's filing, Nays paid the filing fee with a check, which was subsequently returned for insufficient funds. The filing fee went unpaid until February 19, 2002.

"The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[2] Nays may be correct in his argument that the district court was operating under the mistaken belief that the plaintiff had not completed service upon the defendant at the time the defendant filed the motion to dismiss. However, the district court was patient with the plaintiff and granted a generous extension. Service was not perfected within the extended period. That was the main concern of the district court, and we cannot find that an abuse of its wide discretion.

AFFIRMED.

---

[2] *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1115 (5th Cir. 1986).